# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DEIONCA CLARK**                                                                                            **PLAINTIFF**

v.                              **Case No. 4:22-cv-00321-LPR**

**LITTLE ROCK POLICE DEPARTMENT**                                                 **DEFENDANT**

## ORDER

Plaintiff Deionca Clark's motion to proceed *in forma pauperis* is granted.[1] She reports living on social security income.[2] The law requires that I screen the Complaint.[3]

Ms. Clark brings this Complaint under 42 U.S.C. § 1983, challenging her son's arrest and the length of time he was confined without charge.[4] A *pro se* plaintiff must set forth enough factual allegations to "nudge[] [her] claims across the line from conceivable to plausible," or "[her] complaint must be dismissed" for failing to state a claim upon which relief can be granted.[5] Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim.[6] While *pro se* complaints must be reviewed liberally,[7] in order to succeed on a § 1983 claim, Ms. Clark must allege (1) a violation of a

---

[1] *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[2] Pl.'s Mtn. for Leave to Proceed *IFP*, Doc. 1.

[3] 28 U.S.C. § 1915(e)(2).

[4] Complaint, Doc. 2.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[6] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[7] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

constitutional right, and (2) that a person acting under the color of state law committed the violation.[8] Ms. Clark has not met this burden.

As a threshold matter, Ms. Clark's Complaint fails because "[n]on-attorney parents cannot litigate *pro se* on behalf of their minor children."[9] And to the extent Ms. Clark is seeking relief on behalf of herself, she has no standing because "parents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights."[10] In any event, Ms. Clark's Complaint lacks any concrete factual allegations. She has not identified any of the allegedly involved officers, when the events allegedly occurred, or any specifics to support her claim.

IT IS THEREFORE ORDERED that:

1. Ms. Clark's motion to proceed *IFP* (Doc. 1) is GRANTED.

2. The Clerk is directed to mail Ms. Clark a complaint under 42 U.S.C. § 1983 for her use should she wish to provide the complaint to her son.

3. Ms. Clark's Complaint is dismissed without prejudice.

4. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.[11]

Dated, this 20th day of May, 2022.

                                                                LEE P. RUDOFSKY
                                                                UNITED STATES DISTRICT JUDGE

---

[8] 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

[9] *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (*per curiam*).

[10] *Crozier v. Westside Cmty. Sch. Dist.*, No. 8:18CV438, 2018 WL 5298744, at *2 (D. Neb. Oct. 25, 2018) (internal quotation marks and citation omitted) (collecting cases).

[11] 28 U.S.C. § 1915(a)(3).